| | |
|---|---|
| 113 | 277 |
| 136 | 131 |
| 136 | 132 |

SOPHIA LAWRENCE v. AGNES NELSON (LAWRENCE), Appellant.

**Fraudulent Divorce:** SETTING ASIDE: *After death of divorced man.*
A decree of divorce may be set aside for fraud though an innocent party will be injuriously affected thereby.

BONA FIDE RESIDENCE. A divorce decree obtained by one who is not a bona fide resident of the state, is of no validity.

Who may set asidde: *Widow of pensioner.* The widow of a deceased pensioner, who, if his widow, is, under the laws of the United States, entitled to a pension from the time of his death, has a sufficient property interest to entitle her to sue to annul a fraudulent divorce decree obtained by him during his lifetime.

Necessary parties: *Adult heirs of pensioner.* Adult heirs of a deceased United States pensioner are not necessary parties to annul a fraudulent divorce obtained by him in his lifetime, since they are beyond the age that entitles them to a pension.

*Appeal from Dallas District Court.*—Hon. J. H. Applegate, Judge.

Wednesday, February 6, 1901.

Suit to annul a decree of divorce entered in an action brought by Henry Lawrence, deceased, against plaintiff. The relief sought was granted, and the defendant appeals.— *Affirmed.*

*Shortley & Harpel* for appellant.

*White & Clark* for appellee.

Ladd, J.—Each party to this record is a single woman. This is inevitable, whatever the character the decree of divorce. If valid, it merely fixes the plaintiff's status as such a few year's earlier than otherwise was accomplished by the death of Henry Lawrence. If invalid, setting it aside will not affect her status as an unmarried woman. And the court will not, for the mere purpose of satisfying a sentiment, inquire which is the widow of the deceased. But, where some property right hinges on the question, the past status of these parties may become the subject of judicial investigation. *Johnson v. Coleman,* 23 Wis. 452; *Rawlins v. Rawlins,* 18 Fla. 345; *Bomsta v. Johnson,* 38 Minn. 230 (36 N. W. Rep. 341). See *Webster v. Webster,* 54 Iowa, 155; *Barney v. Barney,* 14 Iowa, 189.

The deceased left no property subject to administration, but was a pensioner under the laws of the United States, and had established his right to the bounty of the government under sections 4692 and 4693 of the United States Revised Statutes, as we understand. Upon his death, as is conceded, his widow is entitled to a pension commencing from that time. See section 4702, an act of congress approved June 7, 1888. This pension, though a mere bounty of the government, is as certain as the right to property while the particular statute authorizing it stands. The right to it depends upon the status of these parties immediately before the death of Henry Lawrence. Which was then his wife? Ordinarily this inquiry is solely for an appropriate department of the general government. But here is a decree, regular on its face, apparently foreclosing investigation—an obstruction to the acquirement by plaintiff of property rightly belonging to her. The source of this property can be given little weight in determining whether it furnishes a proper basis for the investigation of her past status. What difference can it make whether this be decided to enable a person to obtain property through the probate court or the commissioner of pensions? None save that in the one case the title thereto is settled, and in the other the right to its immediate acquirement. The case differs from that of *Moyer v. Koontz,* 103 Wis. 22 (79 N. W. Rep. 50), in that parties submit to the jurisdiction of the court. As the heirs were not interested in the result, all being adults, they were not necessarily parties. We conclude that the property interest is sufficiently certain to warrant inquiry into the validity of the decree, and the determination of plaintiff's status as a widow of the deceased.

II. The decree attacked was entered in the district court of Dallas county July 25, 1893. The ground alleged was desertion in 1855, and service was had by publication. That the plaintiff herein, Henry Lawrence, had lived in

that county during the year previous, cannot be questioned. But the statute exacts more. This must appear to have "been in good faith and not for the purpose of obtaining a divorce." Section 3172, Code. Unless this, preliminary to hearing on the merits, was fully established, the action should have been dismissed. Section 3173, Code. The record has convinced us that residence was for the sole purpose of obtaining this decree, and not with a view of remaining in the state. He was started in this direction by a prosecution begun by the plaintiff in Jefferson county, Ind., in January, 1892, from which he fled, but appears to have tarried in Chicago long enough to file a petition for a divorce, in which he falsely asserted a residence of two years in Illinois. While in Dallas county he acquired no property, save that essential to following his trade as a painter, and went under an assumed name until the decree was entered, precisely one year from the month he arrived. Shortly afterwards, in October, he married defendant, with whom he had lived since 1861, and finally left the state in March of the following year for the county of Jefferson, Ind., from whence he came, and there resided until death. And the evidence shows, without dispute, that he deserted plaintiff, rather than she him, as alleged in the petition; that during the period of their cohabitation he was guilty of excessive cruelty, and willfully and without fault on her part, left her penniless, with six small children to care for and maintain. Not until 30 years had passed, and only when pursued by her whom he had so wronged, did he undertake to procure a decree by which to shield himself from punishment; and then in a state distant from his residence, on substituted service, and living in the concealment of an assumed name. As he was not a *bona fide* resident of Iowa at any time, the decree is of no validity. *Hinds v. Hinds,* 1 Iowa, 36; *Whitcomb v. Whitcomb,* 46 Iowa, 437; *Dunham v. Dunham,* 162 Ill. 589 (44 N. E. Rep. 841, 35 L. R. A. 70); *Watkins v.*

*Watkins,* 125 Ind. 163 (25 N. E. Rep. 175, 21 Am. St. Rep. 217).

III.    It is quite immaterial whether defendant at the time of her marriage knew of the relation between plaintiff and deceased. *Rush v. Rush,* 46 Iowa, 648; *Allen v. Mac-lellan,* 12 Pa. St. 328 (51 Am. Dec. 608).—AFFIRMED.

DEEMER, J., dissents.