# Price *v.* Price.

## *Bill in Equity for Divorce.*

1. *Divorce; when will not be granted on grounds of insanity.* Where a bill is filed by a husband praying for a divorce from his wife upon the ground of her insanity, and it is shown that prior to the filing of the bill complainant and defendant had been married for 33 years and that soon after the marriage the complainant had notice of the conditions upon which it was sought to predicate insanity, it is proper for the court to decline to grant the divorce; the complainant having waited too late to proceed in the premises.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant, E. B. Price against the appellee, Amanda Price, for the purpose of obtaining a divorce against the defendant. It was averred in the bill that the plaintiff and the defendant had been married for 33 years prior to the time of the filing of the bill; that at the time of the marriage,

[Price v. Price.]

the said wife was insane, and had remained so up to the time of the filing of the bill. At the time the bill was filed, the respondent, the wife of the plaintiff, was hopelessly insane, and confined in the State Insane Asylum at Tuscaloosa. On the submission of the cause upon the pleadings and proof, the chancellor decreed that the complaint was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals and assigns the rendition thereof as error.

LACKEY & BOWLING, for appellant.—Cited 19 Am. & E. Enc. Law p. 1161 et seq., *Pike et al. v. Pike,* 104 Ala. 642; *Lewis v. Lewis,* 9 L. R. A. 505, (44 Minn. 124.), *Rawdon v. Rawdon,* 38 Ala. 565.

THOMAS L. BULGER, *contra.*—Cited *Rawdon v. Rawdon,* 28 Ala. 565.

McCLELLAN, C. J.—We do not commit ourselves to the proposition that the chancery court has jurisdiction to decree the annulment or declare the invalidity of marriage on the ground of insanity of a party or the parties at the time of solemnization; but assuming such jurisdiction to exist, we have no difficulty in concurring with the conclusion of the chancellor that this is not a proper case for its exercise. In the first place, if Mrs. Price was insane at the time of the marriage, the complainant has waited too long to file his bill: They were married thirty-three years before bill was filed. Soon after the marriage complainant had notice of the conditions upon which it is now sought to predicate insanity. It is too late now for him to proceed in the premises. But in the second place, the evidence fails to reasonably satisfy us that Mrs. Price was insane at the time of her marriage.
Affirmed.

HARALSON, DOWDELL and DENSON, J.J., concurring..