[Bass v. Bass.]

# Bass *v.* Bass.

*Bill for Divorce.*

(Decided Feb. 10, 1910.—51 South. 753.)

*Divorce; Laches; Impotency.*—Where complainant knew for twenty-three years of the condition of the respondent, and failed for more than twenty years after the last effort to remove the cause of impotency to file his bill for divorce, the bill was barred for laches.

APPEAL from Lee County Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

Bill by H. Ambrose Bass against Addie R. Bass, for divorce on account of impotency. Decree for respondent and complainant appeals. Affirmed.

J. M. CRAWFORD, and B. T. PHILLIPS, for appellant.— Limitations do not run against divorce.—Nelson on Divorce, Secs. 515-7; *Mosely v. Mosely,* 67 Ga. 92. The term discovery of the act complained of refers to adultery.—*Smedley v. Smedley,* 30 Ala. 714. The complainant was entitled to the relief prayed.—*Anonymous,* 89 Ala. 291.

No counsel marked for appellee.

McCLELLAN, J.—Bill by the husband for a divorce a vinculo matrimonii, upon the allged ground that his wife was at the time of marriage, and has been ever since, physically and incurably incapacitated from entering into the marriage state. It was shown, without dispute, that sexual intercourse with her was and is impossible, and so because of physical malformation.

These parties were married in 1886, and this bill was filed in 1909. The complainant knew of her condition

during these 23 years. Such delay properly led the chancellor to deny the relief sought.—2 Bish. on Mar. & Divorce, §§ 582, 583, 584; Nelson on Divorce, §§ 688, 694, 695; and authorities cited in notes sustaining the texts. Aside from the evidential effect of the presence of issue of the cohabitation, delay is entitled to the same consideration in cases where the dissolution is sought because of impotency as where it is sought because of insanity. Accordingly our decisions in *Rawdon v. Rawdon*, 28 Ala. 565, and *Price v. Price*, 142 Ala. 631, 38 South. 802, both being insanity cases, afford apt analogy for the conclusion attained below.

It will be seen that the English courts, in some instances, have held that delay is a bar to an action for divorce a vinculo on the ground of impotency. We cannot approve that doctrine, for the reason, among others, that no definite point of time can be fixed at which the barring period begins to run. The statute of limitations does not apply; and circumstances, to be considered in each case, may excuse earlier action, or may have justified skillful effort, and opportunity to avail it, to remove the cause.

The suggestion, in brief, that the long delay prevailing should be excused because of repeated efforts of skillful physicians and surgeons to remove the condition, and that down to a recent date before the filing of this bill, is not supported by the averments of the bill, nor the testimony noted. Indeed, for aught the bill or testimony shows, 20 years have elapsed since the last effort to remedy the malformation.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.