# Morgan, *et al. v.* Gaiter.

*Bill to Correct Settlement, and to Enjoin Payment of the Fund of an Estate.*

(Decided May 15, 1913.    62 South. 731.)

1. *Injunction; Judgment; Remedy at Law.*—The sole heir of an estate, who was represented by an impostor, could not maintain a suit to enjoin the impostor from collecting the amount decreed to be due, since the decree was in the name of the real heir, the one filing the bill, and he did not need the aid of equity to establish his identity or to collect the fund.

2. *Executors and Administrators; Amendment; Opening Settlement.*—Where a bill was filed by a sole heir of a decedent against his executor to enjoin him from paying money to an impostor who had impersonated the heir, and demurrer was sustained for want of equity, it was proper to allow an amendment to the bill, so as to seek a correction of credits allowed the administrator under the consent of the impostor.

2. *Same; Settlement; Opening or Vacating.*—Under section 3914, Code 1907, the sole heir and next of kin of a decedent who had been impersonated by an impostor, and who had no notice of the final settlement, could maintain a bill to correct greatly excessive credits allowed the administrator with the consent of the impostor.

[Morgan, et al. v. Gaiter.]

4. *Same.*—If brought within two years, a bill to correct final settlement under section 3914, Code 1907, the real heir cannot surcharge the administrator's account unless he can show that the accounts and allowances were greatly excessive, and were allowed because of error of law or fact.

5. *Same.*—Where it was not sought to recover money paid by the administrator from the person to whom it had been paid, and such person was not charged with fraud or conspiracy in the allowance of such claim, the person receiving such payment is not a necessary party.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by John Gaiter against W. B. Morgan, as administrator of Harry Wilson, and another, to enjoin the collection of assets of an estate. Decree for complainant, and respondents appeal. Affirmed.

The bill alleges, in effect, that Harry Wilson received certain injuries in a collision which resulted in his death; that Morgan was appointed his administrator, and collected from the Louisville & Nashville Railroad Company $3,250 as damages for the death of his intestate; that said John Gaiter is the sole heir at law and next of kin of the said Harry Wilson, and as such is entitled to the proceeds in the hands of the administrator less the reasonable costs of such administration; that on March 3, 1910, Ollis Browning falsely and fraudulently impersonated complainant, and filed a claim in the probate court of Jefferson county, Ala., in which he claimed to be John Gaiter, the half-brother of said Harry Wilson, deceased, and on final settlement the said Ollis Browning appeared and falsely represented himself to be this complainant, and obtained a decree against said Morgan as such administrator for the sum of $1,431.30, which was obtained upon the false representation that he was John Gaiter, the half-brother of said Harry Wilson, deceased. The bill also alleges that complainant was not present when said decree was rendered, was not represented by counsel, and

had no notice or knowledge that the said Harry Wilson was dead, or that the estate was being administered in the probate court. It is alleged that said Ollis Browning was a cousin of said Harry Wilson and of this complainant. The prayer is for an injunction restraining the said Morgan as administrator from paying any money in his hands to the said Ollis Browning, or his agents or attorneys, and from proceeding any further with the administration of the estate, and also to declare the decree rendered adjudging Ollis Browning entitled to a portion of the estate to be fraudulent and void, and set the same aside. The demurrers were that there is no equity in the bill, and that Morgan is wrongfully made a party, and that it affirmatively appears that no appeal was taken from the decree rendered in the probate court, and that complainant has failed to make any claim or file any contest of respondent's claim, and other grounds not necessary to be stated.

BONDURANT & SMITH, for appellant. The amended bill did not correct the defect theretofore existing in the original bill, and did not render it a good bill to impeach the decree for fraud.—*Seals v. Weldon,* 121 Ala. 319; *Martinez v. Meyers,* 167 Ala. 457; sec. 3914, Code 1907. A decree is impeachable only for actual fraud in its procurement.—Parag. 633, Sims Ch. Pr. There are two aspects to the bill as amended and the amendment was improperly allowed.—*Watts v. Frazer,* 80 Ala. 183; *Gordon v. Ross,* 63 Ala. 363. Allen should have been made a party respondent.

JERE C. KING, for appellee. The proper remedy was by an original bill in the nature of a bill in review.— *Dunklin v. Harvey,* 56 Ala. 181; *First Nat. Bank v. Pullen,* 129 Ala. 642. Morgan was properly made a party to the bill.—*Lee v. Lee,* 55 Ala. 597.

ANDERSON, J.—The original bill does not seek a vacation of the probate decree on final settlement, but simply asked that the imposter "Ollis Browning" be enjoined from collecting the amount decreed to the sole heir, John Gaiter, this complainant, who was falsely personated by the said "Ollis Browning." As the said decree was in favor of this complainant, he did not need a decree of a court of equity to establish his identity or to enable him to collect said fund, and the trial court evidently sustained the respondent's demurrer upon this theory.

The bill was then amended so as to correct two items of credit allowed the administrator upon his final settlement and not to vacate and annul the entire settlement, and this amendment to the bill was permissible.

The bill, as amended, comes within the influence of section 3914 of the Code of 1907, as it negatives notice to the complainant of the settlement and an opportunity to appear and contest said items and charges, that said items were greatly excessive, and were allowed because the imposter Browning consented to same. If the complainant can prove this, the chancery court has jurisdiction to correct same; for, if the allowances were excessive and only allowed because of the consent thereto by the impostor Browning, this was a fraud upon the court and the consent by this interloper to the allowance of said claim would not be binding on the complainant, or exonerate the administrator from having the matter reopened.

In order, however, to surcharge the administrator, the complainant should show that the allowances were greatly excessive, and that they were allowed because of error of law or fact.

The bill does not seek a recovery of the fee from Allen, and does not charge him with fraud or conspir-

acy in the allowance of the claim, and he was not there-fore a necessary party.

It may be that so much of the original bill as was brought forward into the amended bill was demurrable, but the demurrers, as filed after the amendment of the bill, went to the whole bill, and not to this particular portion of same.

The decree of the city court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.