38 So.2d 8

BRANTLEY v. BRANTLEY.

6 Div. 748.

Supreme Court of Alabama.

Dec. 23, 1948.

E. W. Skidmore, of Tuscaloosa, for appellant.

E. L. Dodson, Ward & Ward, Tom B. Ward and Tom B. Ward, Jr., all of Tuscaloosa, for appellee.

**STAKELY, Justice.**

This is an appeal from a decree of the equity court overruling the demurrer of Cornelia Brantley, one of the respondents, to a bill of complaint. The allegations of the bill show in substance the following.

On June 7, 1941, Rosetta Brantley and her husband Cornelius Brantley entered into a written contract with Mrs. Marie W. Hill under which Rosetta Brantley and her husband agreed to purchase and Mrs. Marie W. Hill agreed to sell and convey to them a certain lot of land in Tuscaloosa County for the price of $1500. On July 15, 1947, Cornelius Brantley died intestate, a resident of Tuscaloosa County, Alabama, and Rosetta Brantley in due course qualified and was appointed administratrix of his estate. The purchase price of the lot has been paid and under the contract Mrs. Marie W. Hill is now obligated to execute a deed to the property. But according to the allegations of the bill she is uncertain as to whom the property should be conveyed. This uncertainty grows out of the fact that while Rosetta Brantley is the widow of Cornelius Brantley, deceased, and claims to be his sole heir, a minor, Cornelia Brantley, claims that she is the only child of Cornelius Brantley by a former marriage and is entitled to share as such child in the distribution of his estate. The allegations of the bill show that despite such claim on the part of Cornelia Brantley, Cornelia Brantley is not the legal

daughter of Cornelius Brantley, for the reason that he was never married to the mother of the child.

The bill is filed by Rosetta Brantley individually and as administratrix of the estate of Cornelius Brantley, deceased, against Cornelia Brantley and Mrs. Marie W. Hill. It seeks specific performance of the contract hereinabove referred to and in order that conveyance may be made to the proper party or parties the bill seeks by way of declaratory judgment a determination of the status of Cornelia Brantley. The bill also seeks establishment of homestead rights in the widow and also seeks a sale of the land for distribution in the event such relief is appropriate. There is a prayer for general relief.

 The demurrer attacks the bill on the theory that there is a complete and adequate remedy at law and that the bill is multifarious. We consider, however, that the court was correct in overruling the demurrer to the bill. There can be no doubt that under the circumstances set forth in the bill Mrs. Marie W. Hill can be required by specific performance to carry out the terms of the contract. Minge v. Green, 176 Ala. 343, 58 So. 381. She does not in any way resist execution of a conveyance but wants to be sure that such deed is executed to the party or parties entitled to receive conveyance of the land. In addition to specific performance, it is clearly true that the allegations make the bill one for declaratory judgment to determine the status of the child Cornelia Brantley. Under the allegations of the bill a justiciable controversy is presented as to whether Cornelia Brantley is a lawful heir of Cornelius Brantley, deceased, and entitled to become a grantee in the deed to be executed by Mrs. Marie W. Hill. Under the statutes providing for a declaratory judgment, a declaration as to the status of the child with respect to her alleged father, is contemplated. Miller v. Currie et al., 208 Wis. 199, 242 N.W. 570; Morecroft v. Taylor, 225 App.Div. 562, 234 N.Y.S. 2; Carlson v. Bartels, 143 Neb. 680, 10 N.W.2d 671, 148 A.L.R. p. 658, 663; Borchard on Declaratory Judgments, pp. 391, 396; § 156 et seq., Title 7, Code of 1940; General Acts 1947, p. 444, Code 1940, Tit. 7, § 167.

It is well recognized that a court of equity having acquired jurisdiction for one purpose will determine all rights presented as to all parties and give full relief whether legal or equitable. Lavretta et al. v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3. It is also well settled that alternative reliefs are authorized in a bill of complaint even though such reliefs are inconsistent, if they grow out of the same matter. Garrett v. First National Bank of Montgomery, 233 Ala. 467, 172 So. 611; Equity Rule 15, p. 1055, Title 7, Code of 1940. Multifariousness is incapable of exact definition and it is often a matter of discretion. Every case must be governed by what is convenient and equitable under its own peculiar facts. In determining the question of multifariousness, multiplicity of suits should be avoided, as " 'courts of equity "delight to do justice and not by halves." ' " City of Carbon Hill v. Merchants National Bank of Mobile, 237 Ala. 55, 185 So. 387, 390; Ford v. Borders et al., 200 Ala. 70, 75 So. 398; Jarrett v. Hagedorn, 237 Ala. 66, 185 So. 401.

The decree of the lower court must be affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, and Lawson, JJ., concur.