42 So.2d 457

LUCAS v. LUCAS.

2 Div. 258.

Supreme Court of Alabama.

Oct. 20, 1949.

Geo. P. White, of Centerville, for appellee.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

LAWSON, Justice.

The appeal is from a decree overruling demurrer to a bill in equity.

The bill was filed by Mrs. Mary Belle Lucas, as the widow of Robert D. Lucas, against the heirs at law and next of kin of Robert D. Lucas, deceased.

The purpose of the bill was to have the circuit court of Bibb County, in equity, cancel a divorce decree rendered by that court on January 8, 1943, in a proceeding instituted by the said Robert D. Lucas, on the ground of fraud in its procurement. That the averments of the bill in this case make out a clear case of actual fraud in the procurement or concoction of the said divorce decree, upon the court and upon the complainant, is not questioned on this appeal.

There were many grounds of demurrer, but, under our uniform rule, we will consider only those grounds which counsel for appellant have thought of sufficient merit to argue here. Those grounds

of demurrer not argued are waived. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

Clay M. Lucas, the appellant here, one of the respondents below, concedes that under the decision of this court in the case of Fox et al. v. Fox, 235 Ala. 338, 179 So. 237, a decree of divorce may be vacated in a proceeding by the widow for fraud in the procurement of the divorce decree where property rights are involved.

Appellant insists, however, that the allegations of the bill in this case with respect to property rights are not sufficiently definite and that those grounds of his demurrer taking the point should have been sustained.

In this connection the bill as amended alleges:

"Your Complainant would further show that she has reason to believe that the said Robert D. Lucas, deceased, was the owner of certain property at the time of his death, but after diligent effort Your Complainant has been unable to ascertain the exact location, nature or amount of said property and further has been unable to determine who is the legal representative of said Robert D. Lucas Estate.

"Your Complainant would further show that as the lawful widow of the said Robert D. Lucas, deceased, she would be entitled to a cause of action under the Workmen's Compensation Law of Alabama.

"Your Complainant would further show that as the lawful widow of the said Robert D. Lucas, deceased, she would be entitled to a cause of action under the Social Security Laws of the United States."

The decisions are far from being unanimous, but it appears that the weight of authority in this country in regard to the power of a court to set aside a divorce decree after the death of one of the parties, in a proceeding instituted by the survivor, is that such a power exists if property rights of the survivor are affected by the divorce decree, but that such power does not exist where the only object which could be attained by vacating the decree would be sentimental in its nature. 157

A.L.R. 53. We in effect followed the majority rule in the case of Fox et al. v. Fox, supra.

We are of the opinion that the averments of the bill heretofore set out are sufficient to show that the complainant in this case is not seeking to have the divorce decree vacated for sentimental reasons, but in order that she may proceed to assert her rights in property, which rights are dependent upon the invalidity of the decree of divorce. Connelly v. Connelly et al., 188 Md. ——, 57 A.2d 276; Croyle v. Croyle, 184 Md. 126, 40 A.2d 374; Lawrence v. Nelson, 113 Iowa 277, 85 N.W. 84, 57 L.R.A. 583.

The only other contention made by the appellant relates to those grounds of demurrer raising the point that an administrator is a necessary party respondent. As before indicated, the bill alleges that the complainant "has been unable to determine who is the legal representative of said Robert D. Lucas Estate." Our examination of the numerous decisions from other jurisdictions dealing with the right of the surviving spouse to vacate a divorce decree on the ground that it was fraudulently obtained by the deceased party, indicate that in many instances the personal representative of the deceased was made a party respondent, along with the heirs at law and next of kin. In other cases the personal representative has not been made a party. No case has come to our attention where it has been held that the personal representative is a necessary party where the complaint does not seek in that proceeding to have property rights determined, but merely seeks to have the divorce decree vacated to the end that complainant may thereafter proceed to press his or her claim to the property of the deceased spouse. In the case of Johnson v. Coleman, 23 Wis. 452, 99 Am.Dec. 193, it was merely held that the personal representative was a proper party respondent.

We are of the opinion that under the averments of this bill it was not necessary that an administrator of the estate of the said Robert D. Lucas be made a party respondent. Murphy v. Freeman, 220

Ala. 634, 127 So. 199, 70 A.L.R. 381; Mobile Temperance Hall Ass'n v. Holmes, 189 Ala. 271, 65 So. 1020.

We have discussed the only questions raised by appellants. The decree of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.