51 So.2d 239

**ASHLEY v. ASHLEY et al.**

6 Div. 35.

Supreme Court of Alabama.

March 15, 1951.

314

Jackson, Rives & Pettus, of Birmingham, for appellant.

Finis E. St. John, of Cullman, and Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellees.

FOSTER, Justice.

This is an appeal from a final decree denying relief to complainant in a suit in equity filed by authority of section 145, Title 13, Code. This statute authorizes a suit in equity by an injured party to correct any error of law or fact in the settlement of an estate. The nature of the error which is thus subject to correction is discussed in Evans v. Evans, 200 Ala. 329, 76 So. 95; Morgan v. Gaiter, 182 Ala. 322, 62 So. 731; Adams v. Walsh, 190 Ala. 516, 67 So. 432. No question is here raised as to the sufficiency of the bill in that respect.

The decree sought to be reviewed was rendered on the final settlement of the estate of Lewis J. Ashley, dated November 9, 1940. The bill was filed July 1, 1941, within the statutory period of two years. Lewis J. Ashley died March 25, 1940. On April 23, 1940, Grover C. Ashley was appointed administrator on his petition alleging that he was the only child and heir at law of the deceased. After other proceedings, to which we will refer, Grover C. Ashley filed in the probate court a petition alleging that he was the only child and heir at law of deceased, and there are no debts unpaid; that he was appointed administrator April 23, 1940, and further administration is unnecessary, and prayed that the administration be dismissed and his surety released and discharged. No notice was given by reason of the allegation that he was the only child and heir at law. The probate court on that day made an order and decree as prayed for. That is the decree sought to be corrected by the instant suit.

The complainant is a sister of Lewis J. Ashley and was a non compos mentis, and was not a party to any of the proceedings and had no notice of them. The sole con-

tention made is that Grover C. Ashley was not a legitimate child of Lewis J. Ashley because Lewis and Myrtle, his parents, were not lawfully man and wife at the time Grover was born of their union for the reason Myrtle had previously been married and not divorced, and that both she and her former husband are even now still living; and that Lewis had no lawful descendants. The bill seeks to have Grover account for the funds of the estate which he received.

Issue was joined on the only contested matter, and the court found and decreed that Grover was the only heir and legitimate child of Lewis J. Ashley and denied relief. The complainant has appealed from that decree.

A summary of the facts in chronological order is here undertaken to be set out, repeating some of the matters already alleged so as to show their historical setting. These facts are as follows.

Myrtle Tucker at the age of fourteen married Samuel Till Colley on June 30, 1907 in Blount County. They lived together about three months when he "went across the river" to work. They did not live together after that. He enlisted in the Army October 19, 1907, and was discharged October 18, 1910, having served his term of enlistment. There was no communication between them, although he testified that he wrote her several times but received no answer. Colley re-enlisted on the day he was discharged for another three year term and was again discharged October 18, 1913.

Colley married Viola Hallmark on October 16, 1916, according to his testimony. He has three boys and two girls by that marriage: all of whom are grown. He says he did not obtain a divorce from Myrtle, having heard she was dead.

Myrtle testified to the effect that she married Colley on June 30, 1907, when she was fourteen years of age, and that they lived together "one" month, when he left and did not return. She was informed by her father that Colley was dead; that he had been killed on the train. On December 7, 1909, she married Doss and had two children: one of whom is now a grown man, married and has four children. Doss died in 1913. After Doss died, she married Lewis J. Ashley on February 7, 1915, and had one child, Grover C. Ashley, as to whose legitimacy the result of this cause depends. She was divorced from Ashley December 2, 1918. He died March 25, 1940. He was a soldier in World War 1 and came back demented and was in the hospital for the insane. A birth certificate was offered in evidence showing that Grover C. Ashley was born December 20, 1915 in Walker County, and that his parents were Myrtle Ashley and Lewis J. Ashley. A. E. Ashley was appointed guardian of Lewis J. Ashley on November 21, 1921. Myrtle married Miller in 1918, and has been living with him to the present time. She has three children by him, the oldest being twenty-four years of age and the youngest sixteen years.

On December 2, 1931, Myrtle filed a petition in the Probate Court of Cullman County, in which she sought an allowance to be made for Grover C. Ashley out of the estate of Lewis J. Ashley, alleging that said Grover C. Ashley is the only heir at law and child of Lewis J. Ashley. Grover was then sixteen years of age. Said petition was heard by the judge of probate on December 8, 1931, when the court made an allowance of $30 a month to be paid by the guardian of Lewis J. Ashley to the guardian of said minor child, Grover C. Ashley, for his maintenance, support and education. The record shows that J. S. Hyatt, as guardian of Grover C. Ashley, received from the Veterans Bureau on account of Lewis J. Ashley, the total sum of $4,456.21 covering a period from January 26, 1929 to August 1933.

On July 20, 1936, the guardianship of A. E. Ashley was transferred from the probate court to the circuit court in equity. On January 6, 1937, A. E. Ashley filed his accounts and vouchers and a hearing on the settlement was had on January 29, 1937. On that day John Chapman was appointed guardian of Lewis J. Ashley.

Lewis J. Ashley died March 25, 1940. On April 23, 1940, Grover C. Ashley was

appointed administrator of the estate of Lewis J. Ashley with the United States Fidelity and Guaranty Company as surety on his bond. On November 9, 1940 he was discharged on final settlement in the Probate Court of Cullman County.

On April 13, 1940, a decree of the probate court found that the will of Lewis J. Ashley was void because of his unsound mind, and the contest of the will by Grover C. Ashley was sustained. It was decreed that Grover C. Ashley is the son and only heir at law of Lewis J. Ashley and is entitled to all of his property of every kind in the hands of Ruth Wilbanks as the guardian of Lewis J. Ashley. There appears an agreement dated April 13, 1940 between the solicitor for Ruth Wilbanks, as guardian of Lewis J. Ashley, on the one part, and Grover C. Ashley on the other, where he signed as the only child and heir at law of Lewis J. Ashley. Said agreement directs the guardian to pay over and deliver to Grover C. Ashley all the assets belonging to the estate of Lewis J. Ashley, and recites that Grover C. Ashley is the only child and heir at law of Lewis J. Ashley. It was ratified by decree on April 13, 1940.

On April 22, 1940, a petition was filed in the Circuit Court, in Equity, of Cullman County by J. A. Ashley and C. A. Ashley, alleging that they are nephews of Lewis J. Ashley and praying said court to set aside and annul the decree on final settlement of the guardianship of Lewis J. Ashley made on the 13th day of April, 1940, alleging principally that Grover C. Ashley is not the child and heir at law of said Lewis J. Ashley, and not entitled to inherit his estate. Said petition was heard on May 22, 1940, and was denied and overruled upon the ground that the evidence was insufficient to sustain it.

On November 9, 1940, Grover C. Ashley filed a petition in the probate court alleging that on April 23, 1940 he was appointed administrator of the estate of Lewis J. Ashley; that he is the only child and heir at law of Lewis J. Ashley, which has been judicially ascertained in the Circuit Court, in Equity, of Cullman County, and also in the will contest: the same having been transferred from the probate court to the circuit court for trial and judicially ascertained. The petition alleges that Lewis J. Ashley left no widow and owes no debts, and that further administration is unnecessary. That no notice of final settlement is necessary, because he is the only heir and waives all notice and prays that the administration be dismissed and that the surety on his bond be released and discharged. On the same day, November 9, 1940, the judge of probate made an order granting the petition and decreed that the administration be dismissed out of court and the bond of the administrator be discharged.

On February 19, 1941, Thelma Hearn filed a petition in the probate court claiming to be a niece of Lewis J. Ashley and an heir at law, and praying that the order of November 9, 1940 be vacated and set aside upon the ground that Grover C. Ashley was not an heir at law and child of Lewis J. Ashley, but that his heirs were as set out in said petition; that she is one of them, and that she had no notice of the proceedings and settlement and did not have the privilege of contesting the same. On April 5, 1941, said petition was heard in the probate court, in which oral testimony was given, and the court found that Grover C. Ashley is the son and only heir at law of Lewis J. Ashley, and the only person interested or entitled to share in his estate and, therefore, said petition was denied.

Myrtle married Miller in 1918 and has been living with him since then, to wit, twenty-eight years in 1946 when she testified (twenty-three years when this suit was filed). She has three children by him, the oldest being twenty-four or twenty-five years of age and the youngest sixteen. It has been thirty-eight years since she saw Colley. She also testified that she knew of no divorce having been granted from Colley. She married again because she thought Colley was dead. It appears that Myrtle and Miller have been married and have lived together, as we have stated, about twenty-eight years (now thirty-three years) and that marriage still continues.

To hold that Myrtle was not divorced from Colley before she married Doss, then Ashley and then Miller would bastardize the two children by Doss, the one child by Ashley and the four children by Miller. In the meantime, in October 1916, Colley married and has three boys and two girls, all of whom would likewise be bastardized. The evidence does not show that an investigation has been made into the court records at any place where Myrtle and Colley lived together or where they lived since they separated, for the purpose of ascertaining whether or not a divorce was granted.

We think the effect of the divorce decree of December 2, 1918, in favor of Myrtle Ashley granting a divorce from Lewis J. Ashley, is controlling as to the parties to that suit that prior to and at the time the decree was rendered there was a legal marriage existing between Myrtle and Lewis. That was more than twenty years before Lewis died in 1940. Myrtle is still living. That decree was never challenged by Lewis before he died, nor by anyone claiming to be an heir since his death. As between Myrtle and Lewis and their privies, the decree of divorce was conclusive of the existence of a legal marriage which was thereby dissolved. 17 Am. Jur. 396, note 7; 27 Corpus Juris Secundum, Divorce § 174, page 832, note 17; In re Lee's Estate, 200 Cal. 310, 253 P. 145; Godfrey v. Godfrey, 30 Cal.App.2d 370, 86 P.2d 357; Borg v. Borg, 25 Cal. App.2d 25, 76 P.2d 218. Our search has not disclosed any conflicting opinions.

But it is well settled that one not a party to the divorce suit nor in privity with such a party is not concluded by the decree of divorce as to the legal status of the marriage before divorce. In re Holmes' Estate, 291 N.Y. 261, 52 N.E.2d 424, 150 A.L.R. 447, annotation page 465; 2 Freeman on Judgments, section 910; Routledge v. Githens, 118 Or. 70, 245 P. 1072, 45 A.L.R. 922. The holding in Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166, is not in conflict because it was a controversy with a stranger to the divorce proceedings.

In the case of In re Lee's Estate, supra, the child of the marriage, which was dissolved by divorce, was treated as having the status of her mother in the effect of the divorce as a determination that the marriage was valid.

When a proceeding results in fixing the status of a child as a bastard, he is sometimes made a party to the proceeding. Taylor v. Taylor, 249 Ala. 419, 31 So.2d 579. He certainly stands in the shoes of his mother to support his claim of legitimacy effected by the estoppel in that respect in favor of the mother against her alleged husband and his privies.

The decree of divorce is an exhibit in the record and in every way appears to be regular. The other proceedings in the divorce suit are not set out. There was no objection made to the decree on account of the absence of such proceedings. As a general rule it would be necessary to introduce them to sustain the jurisdiction of the court. But their absence is not fatal unless objection was made on that ground, for without objection and to sustain the court, we will presume that they conferred jurisdiction. The decree likewise became unimpeachable at the expiration of twenty years from its date, with no effort being successfully made or begun within said period. Throughout said period both parties to it were alive. The fact that Lewis J. Ashley was non compos mentis does not prevent the binding force of the principle of prescription, nor does the fact he was demented when the decree was rendered and his condition not brought to the attention of the court. As to that we are not informed by the record. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667.

This Court has gone to the limit in upholding the legality of a marriage after it has continued for twenty years without legal steps to dissolve it. Bass v. Bass, 165 Ala. 223, 51 So. 753; Rawdon v. Rawdon, 28 Ala. 565; Price v. Price, 142 Ala. 631, 38 So. 802, 4 A.L.R.2d 1328, note.

Myrtle has been married to Miller and living with him as his wife since 1918,

and they have three grown children. As stated above, Colley has married and has five grown children. To hold that Grover C. Ashley is not the legitimate child of Lewis J. Ashley because his mother, Myrtle, was not divorced from Colley would upset Colley's marriage, which occurred in 1916 and still continues, and would bastardize his children. It would upset the marriage of Myrtle with Doss in 1909 and bastardize their two children, as well as her marriage with Miller. Such result alone is not controlling, but it is a strong incentive to apply the principle of prescription so as to bind Myrtle and Lewis to the consequences of the decree of divorce in 1918, thereby establishing the validity of their marriage, which neither of them ever questioned for more than twenty years. The decree of divorce between the Ashleys having become unimpeachable during their lifetime, cannot be impeached by anyone claiming in succession to their rights. That would effectually cut off the complainant in this case.

For like reasons, the presumption as to the validity of all those marriages after the separation of the Colley relation is so strong that it requires very satisfactory evidence to overcome it, even if the divorce decree of the Ashleys were not binding in that respect. The testimony of the parties, not properly supported by evidence as to the divorce records in the various jurisdictions in which a decree could be rendered, is usually treated as not sufficient to overcome the presumption. Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166.

The long delay is supplemented by the fact that in several proceedings where the question was raised and contested as to whether Grover C. Ashley was the lawful son of Lewis J. Ashley, the record shows a decree and finding that he was such lawful son and the only rightful heir. This began in 1931, when allowance was ordered paid out of the estate of Lewis J. Ashley, then a non compos mentis for the support of Grover. This continued from then until 1933, making a total allowance of $4456.21. When Lewis J. Ashley died, Grover was appointed administrator of his estate upon a finding that he was the only heir. A will was propounded for probate and Grover contested it as the only heir at law. The contest was successful and the will was not probated. The court decreed that Grover was the only heir of Lewis J. Ashley and ordered the entire estate paid over to him as such, and discharged the administrator and surety. That is the decree sought to be reviewed.

Several petitions were filed by various collateral kin seeking a finding that Grover was not the lawful heir of Lewis J. Ashley. After the final decree was rendered another collateral relation filed a petition to vacate it on the same ground. These petitions were heard and denied.

It is true that this complainant, a collateral relative, was not a party to those proceedings. She was a non compos mentis and was not bound by them, and they are not controlling on her. But claiming in succession to Lewis after his death, she is bound by the same estoppel which applies to him as to the effect of the divorce decree between Myrtle and Lewis.

It results that the decree of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.