277 So.2d 102

**Everett ELLIS**

v.

**Addie Mae ELLIS.**

**Civ. 125.**

Court of Civil Appeals of Alabama.

April 25, 1973.

Matranga, Hess, Sullivan & Stout, Mobile, for appellant.

A. J. Seale, Mobile, for appellee.

BRADLEY, Judge.

The appeal is from a final decree of the Circuit Court of Mobile County granting to appellee a divorce on the ground of cruelty.

The appellant had filed a complaint seeking an annulment of his marriage to appellee on the ground that she was married at the time she married him, or, in the alternative, a divorce on the ground of cruelty.

Appellee then filed a complaint seeking a divorce on the ground of cruelty and certain other relief.

At the trial the two complaints were consolidated for the hearing and appellee's complaint was thereafter treated as an answer and cross-complaint.

Trial was had before the court without a jury and the tendencies of the evidence re-veal the following facts: The appellant and appellee were married in Mobile County, Alabama in 1968, although they had been living together since 1963, and continued to live together in said county up until their separation in January 1972. There were no children resulting from this marriage. However, appellee did have three children under the age of twenty-one living with them.

Appellee stated that she married a man named George Walker in about 1948 and divorced him in about 1959 when he brought her a paper to sign. She stated however that she had not seen the divorce decree.

The appellant testified that he married appellee and they got along just fine until her children started coming in late at night playing the record player and the T.V.; and until appellee tried to have him committed to the insane hospital, and called the sheriff to have him removed from his house. He said he was now afraid of appellee.

Appellant testified that an operation had been performed on his spine and that he had a stroke. He was also a diabetic. He does not have a job but receives $40 a month from insurance, $142 from the VA, and $185 from Social Security.

Appellee stated that the house where she and appellant lived cost $4,500 and he made four $20 payments on it, and the balance was paid by his employer after he got sick. Appellant later mortgaged the property to buy an automobile. The amount outstanding on this mortgage is $300, and a car he owns has an outstanding balance of about $1,300.

There were four assignments of error, one of which, the fourth, was not argued and is deemed waived. Rule 9, Supreme Court Rules.

Assignments of error one and two contend that the trial court erred in not granting to appellant an annulment of his marriage to appellee.

■ The general rule as to the validity of the present marriage of the parties in the face of the contention that at the time of said marriage one of the parties was already married is quoted with approval in the cases of Ex parte Young, 211 Ala. 508, 101 So. 51; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; and Lindsey v. Lindsey, 48 Ala.App. 495, 266 So.2d 298 from the case of Pittinger v. Pittinger, 28 Colo. 308, 64 P. 195, 89 Am.St.Rep. 193, as follows:

" 'If it is shown that a party to a marriage has contracted a previous marriage and that his or her former spouse is still living, this has been held not to destroy the prima facie validity of the second marriage. In such a case it has been presumed that the first marriage has been dissolved by divorce, and that the burden to show that it has not rests on the person seeking to impeach the last marriage, notwithstanding he is thereby required to prove a negative. Here, the presumption of the continuance of the first marriage is made to yield to the presumption in favor of the validity of the second marriage and of the innocense of the parties to it.' "

The evidence shows that appellee had been married to George Walker prior to her marriage to appellant and there was evidence that he was alive at the time of the marriage between the parties to this suit. In this state of the evidence the rule is that there is a presumption that the first marriage has been dissolved by divorce and the burden is then on the party seeking to destroy the second marriage to prove that there has been no prior divorce of one of the parties to the present marriage.

In the case at bar the appellee testified that she was divorced from George Walker prior to her marriage to the appellant and so informed him, and there is no evidence seeking to rebut this testimony.

■ One method by which the presumption that the first marriage of one of the parties to the present marriage was dissolved by divorce could be overcome, is to prove by appropriate court records from the places where the parties to the first marriage have lived that a divorce has not been granted to either party to that first marriage. See Ashley v. Ashley, 255 Ala. 313, 51 So.2d 239; Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135; and Lindsey v. Lindsey, 48 Ala.App. 495, 266 So.2d 298. There is no such evidence in the case at bar, nor is there any other evidence tending to show that appellee and George Walker have not been divorced. In this state of the record we conclude that the trial court properly refused to annul the subsisting marriage between appellee and appellant.

Assignment of error number three avers that the trial court erred in awarding appellee a one-half equity in the homeplace and $20 a week alimony, and appellant argues in brief in support of said assignment that he was entitled to an annulment of his marriage to appellee, and where an annulment is granted, appellee would not be entitled to any alimony or any proceeds from the sale of jointly owned property. However, such argument is without basis, for as we have just said, the trial court acted properly in refusing to annul the marriage of the parties to this suit.

No annulment being authorized, the next question presented is whether the evidence supports the decree of the trial court wherein this relief was awarded.

■ We would point out that the record shows the parties to this proceeding to be the joint owners of the property where they lived and the court ordered a sale for division. It certainly has this authority. See Owens v. Owens, 281 Ala. 239, 201 So.2d 396 and Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. And, it further ordered that appellant pay to appellee $20 per week for one year as alimony. After a careful examination of the evidence, we conclude that the evidence is supportive of the alimony award. In this state of the record, we would not be

**70**

authorized to reverse said award unless we deemed such to be palpably in error, which we do not. Linderman v. Linderman, Ala., Civ.App., 275 So.2d 342, 1973.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.