ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from denial of defendant’s rule 60(b) motion for relief from a default judgment.
Plaintiff sued Freeman Myers in small claims court and received a judgment against him on March 23, 1984. Defendant appealed the case to circuit court, but failed to appear for trial, and a default judgment was rendered against him. His rule 55(c) motion to set aside the default was denied on October 12, 1984, and his motion for relief of judgment was denied on December 7, 1984.
On appeal, the defendant argues that he did not have proper notice of trial, that he has a meritorious defense, and that the trial court abused its discretion in denying his motion for relief of judgment. Defendant’s motion alleges he was not represented by counsel and did not understand his rights, that he has a meritorious defense, and that he has now retained counsel who has discovered evidence material to the issue. However, the motion fails to allege any of the grounds enumerated in rule 60(b), and the record before us does not contain any explanation or reason for failure to appear and defend.
“The trial Court has wide discretion in its determination of whether to grant relief pursuant to Rule 60(b), and it will not be reversed on appeal absent abuse of this discretion or the violation of some legal right of the movant.”
Pierson v. Pierson, 347 So.2d 985 (Ala. 1977) (citations omitted).
“In determining whether there was an abuse of discretion in denying a motion under Rule 60(b), the reviewing court looks to the grounds presented and matters presented in support of the motion.”
Pitts v. Henley, 384 So.2d 1105 (Ala.Civ. App.1980) (citation omitted). The averment of failure of notice to defendant is raised on appeal for the first time and “This court will not. consider an issue never ruled upon by the trial court and presented here for the first time.” Wilson v. York, 434 So.2d 260 (Ala.Civ.App.1983) (citations omitted).
The record on appeal presents no evidence, by affidavits or otherwise, in support of Myers’ motion for relief from judgment. There is nothing before us to support a review of the judgment of the trial court and we cannot say the trial court’s denial of Myers’ rule 60(b) motion was an abuse of discretion.
Defendant’s allegation of error for failure of the trial court to grant his rule 55(c) motion cannot be considered on appeal as it is untimely presented. Rule 4(a)(3), Alabama Rules of Appellate Procedure.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.