EDWARD N. SCRUGGS, Retired Circuit Judge.
A former employee appealed from the February 19, 1988, denial of his motion for relief from a prior judgment, which on October 7, 1986, approved a settlement of the employee’s workmen’s compensation claim.
Previously, the employee had filed on May 19 and 21, 1987, a Rule 60(b) motion on similar grounds, and it was denied by the trial court on July 24, 1987.
The motion sub judice as filed on December 21, 1987, was styled “MOTION FOR INDEPENDENT ACTION.” The grounds alleged therein were that the employer had committed a legal fraud via misrepresentations made to the employee, that the employee suffers more permanent disability than what he was awarded by the settlement agreement, and that the rehabilitation money therein awarded to him was inadequate.
The record does not reveal that any evidence of any nature was presented in sup *1026 port of the employee’s December 1987 motion. The trial court denied that motion on February 19, 1988. The employee filed a motion to reconsider on February 29, 1988, and it was denied by the trial court on March 15, 1988. The employee’s notice of appeal was filed on April 19, 1988, and it was timely since it was filed within forty-two days of the overruling of the employee’s motion to reconsider. Vaughan v. Vaughan, [Ms.Civ. 6382, July 27, 1988] (Ala.Civ.App.1988).
If the employee’s December 1987 motion be considered to be filed under § 25-5-56 of Alabama’s 1975 Code, it was filed too late, for it is provided in that code section that a workmen’s compensation settlement which has been approved by the court can be vacated for fraud upon application made to the judge approving the settlement “at any time not later than six months after the date of settlement.” Ala.Code (1975), § 25-5-56 (1986 Repl.Vol.).
It could not be viewed as a Rule 60(b)(3) motion based upon a misrepresentation by the employer since it was filed more than four months after the entry of the settlement judgment. The employer’s alleged misrepresentation cannot fall under Rule 60(b)(6) because a Rule 60(b)(6) motion must be founded upon some ground not stated in 60(b)(1) through 60(b)(5). Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985). Rule 60(b)(3) specifically covers the instant misrepresentations allegation. It is required that any motion under Rule 60(b)(1) or (2) be filed within four months of the entry of the final judgment. It would be inappropriate to apply Rule 60(b)(4) or (5) to this motion. Briefly stated, none of the six subdivisions of Rule 60(b) applies to the employee’s December 1987 motion.
The alleged misconduct of the employer does *not constitute fraud on the court, which Rule 60(b) establishes as the standard for relief under an independent action. Additionally, the employee had previously filed a Rule 60(b) motion in May 1987, which was denied by the trial court in July 1987. His remedy was to appeal timely from the July 1987 order, for it is not the intent of Rule 60(b) to allow both a hearing by way of a 60(b) motion and, should that be denied, then by an independent action. Skillman v. First State Bank of Altoona, 341 So.2d 691 (Ala.1977).
For the foregoing reasons, the employee's December 1987 motion could not be pursued under either code section 25-5-56, Rule 60(b), or as an independent action.
Had that motion been properly filed under any legal authority, we would still be required to affirm the action of the trial court for the reasons that follow.
An Alabama appellate court must look to the record for the evidence and cannot consider evidence outside of the record inasmuch as errors, if any, committed by the trial court must affirmatively appear in the appellate record, and, if the record does not disclose the facts upon which the alleged error is based, such error cannot be considered on appeal. Mauldin v. Mauldin, 399 So.2d 858 (Ala.Civ.App.1981). See also Porter v. Mobile Putty & Machine Works, 507 So.2d 529 (AIa.Civ.App.1987), and Myers v. Hendon, 473 So.2d 540 (Ala.Civ.App.1985). In other words, since it does not otherwise appear in the record, the employee had the burden of presenting evidence by some authorized means to prove the factual averments of his motion, and the record on appeal must include those facts before we would have anything to review concerning whether the trial court abused its discretion. Since the record fails to contain any such supportive facts, a review of the merits of the trial court’s ruling upon the motion is impossible. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.