This is an appeal from the denial of a Rule 60(b), Alabama Rules of Civil Procedure, motion in a divorce case.
Carla Youngblood Leonard and Isiah Leonard, Sr. were married on August 15, 1985. On November 30, 1988 Carla filed an action for divorce against Isiah. She alleged that there had been one child born to the marriage and she wanted custody of that child. Isiah was served with a copy of the complaint by certified mail. He filed no response to the complaint, nor did he make any appearance in the matter. On March 22, 1989 a decree of divorce by default was rendered in the matter. Carla was given custody of the child and Isiah was required to pay child support of $60 per week.
On April 21, 1989 Isiah filed a motion to set aside the default divorce decree. On May 8, 1989 he filed an amendment to his April 21 motion in which he alleged that he had been unemployed and, therefore, had been unable to employ counsel to represent him and that he had a meritorious defense to the action. The motion to set aside default was denied by the court on June 6, 1989.
On July 21, 1989 Isiah filed a verified motion to declare the divorce decree void pursuant to Rule 60(b)(4). In this Rule 60(b) motion Isiah alleged that on January 28, 1985 he was married to Cassandra Denise *Page 1082 
Lee; that he and Cassandra separated and, sometime during the summer of 1985, Cassandra informed him that she had obtained a divorce; that he never received a copy of this divorce decree; that he was informed in the spring of 1989 that Cassandra had not divorced him; and that he did not inform his attorney of this until June of 1989. He requested that he be heard on this motion and that he be allowed to present testimony in support thereof. After a hearing, at which only arguments of counsel were presented, the motion was dismissed on September 18, 1989.
On September 21, 1989 Isiah filed a "Motion for Reconsideration" of the order of September 18, 1989 dismissing the Rule 60(b) motion filed on July 21, 1989. In his motion for reconsideration Isiah asserted that he had requested in his July 21, 1989 motion that he be allowed to present testimony concerning his marriage to Cassandra Lee and the fact that they were not divorced. He further asserted that he was prepared to testify in court and that Cassandra was present and prepared to testify to the absence of a divorce between them. However, the trial court refused to allow any testimony in support of his allegations. After a hearing on the motion for reconsideration, at which only arguments of counsel were heard, the trial court denied the motion. On October 27, 1989 Isiah filed his appeal from the September 18, 1989 order denying his Rule 60(b) motion.
Isiah, in his brief, asserts that the trial court erred when it refused to set aside the divorce decree by default entered on March 22, 1989.
The motion to set aside the default decree was filed within thirty days of the entry of the divorce decree and was, therefore, a Rule 55(c) motion. Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988). There was no appeal from the ruling on that motion; consequently we will not consider argument made in support of the first issue.See, e.g., Sims v. Sims, 532 So.2d 646 (Ala.Civ.App. 1988).
The remaining dispositive issue is concerned with whether the trial court erred by refusing to hear testimony in support of Isiah's contention that his marriage to Carla was a nullity because he had never been divorced from Cassandra. He asserts that he could prove that he was married to Cassandra at the time he married Carla, necessarily making the marriage to Carla invalid.
We note at the outset that the appeal in the case at bar is from the September 18, 1989 order of the court dismissing Isiah's Rule 60(b) motion. An appeal from the denial of a Rule 60(b) motion presents for review only the correctness of the ruling on that motion, not the correctness of the March 22, 1989 divorce decree. McSween v. McSween, 366 So.2d 293
(Ala.Civ.App. 1979). Moreover, the ruling of the trial court on the Rule 60(b) motion will be set aside only for an abuse of discretion. McSween.
In the case at bar Isiah argues that he was denied the right to introduce proof that he was married to Cassandra before he was married to Carla and that he has not been divorced from Cassandra.
Isiah's Rule 60(b)(4) motion of July 21, 1989 asked that the trial court set aside its divorce decree and that a decree of annulment be entered "because unknown to him he did not have the capacity to enter into a marital contract with [Carla] due to his prior undissolved marriage [to Cassandra]." Attached to this motion was a marriage license issued by the probate judge of Jefferson County, Alabama. The marriage certificate shows that "Isaiah Leonard" and "Cassandra Denise Lee" were married on January 28, 1985.
A guardian ad litem was appointed by the trial court on August 14, 1989 to represent the interests and welfare of the minor child.
The rule is that if a party to a marriage has been married previously to another and that marriage partner is alive, a presumption arises that the previous marriage has been dissolved by divorce, and the burden of proof is upon the party seeking to set aside the latest marriage to show that the prior marriage has not been dissolved by divorce. Ellis v. Ellis,50 Ala. App. 67, 277 So.2d 102 (Ala.Civ.App. 1973). *Page 1083 
One method by which this presumption can be overcome is to prove, by appropriate court records from the places the parties to the first marriage have lived, that a divorce has not been granted to either party to the first marriage. Ellis.
Given the matters presented to the trial court, we find that the denial of Isiah's Rule 60(b)(4) motion was not an abuse of discretion. As is readily apparent, the only matters presented to the trial court on the 60(b)(4) motion were (1) the self-serving, but verified, statements made and (2) a marriage license. The marriage license, at best, establishes only that "Isaiah Leonard" and "Cassandra Denise Lee" were married on January 28, 1985. It clearly does not establish that these parties were not divorced. Therefore, with the above presumption in mind, the only valid conclusion was that Isiah's marriage to Carla was legitimate. Isiah failed to come forward with any proof establishing that the marriage to Cassandra hadnot been dissolved by divorce.
In so holding, we point out, as Carla asserts, that the denial of a Rule 60 motion is usually appealable and that a motion to reconsider cannot take the place of an appeal. Exparte Dowling, 477 So.2d 400 (Ala. 1985). In fact, the Alabama Rules of Civil Procedure do not allow a "motion for reconsideration of the denial of a Rule 60 motion." Therefore, matters contained in this "motion for reconsideration" are not to be considered.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.