This is an appeal from the denial of a Rule 60(b)(6), A.R.Civ.P., motion for relief from a default judgment in the amount of $46,104.43. We affirm.
The record reveals that the plaintiff, Comtel-Birmingham, Inc., entered into a purchase agreement with Transcall American, Inc. ("Transcall"), whereby Transcall would purchase the assets of Comtel. Those assets included certain customer lists and provided that Transcall would pay Comtel a percentage of the revenues earned from the use of those lists during the period from September 1985 through May 1986. In 1988, Comtel filed suit against Transcall for an accounting and for payments to be made following the accounting "as the Court sees fit." After the complaint was filed, Transcall, choosing not to immediately hire an attorney to represent its interest in the case, attempted to negotiate with the attorney for Comtel. Transcall received a letter from that attorney in March 1988 that stated in pertinent part:
 "You indicated in our telephone communication of March 29, 1988 that you did not wish to file a response to the Complaint until we had had an opportunity to explore a settlement. That is certainly agreeable with me and I will give you a minimum of 20 days' advance notice of any effort on my part to take any judgments."
Transcall contends that it never received the promised 20-day notice prior to Comtel's motion for a default judgment and, therefore, that it was entitled to relief from that judgment.
The record indicates that following that letter, representatives of the two parties communicated for several months. On August 10, Comtel's attorney sent a letter that stated as follows:
 "Please let me hear from you at your earliest convenience as my client is most *Page 1052 
anxious to dispose of this matter. As you know, we have filed a lawsuit and by agreement with Steve Raville I have not taken any default pending our efforts to work this out. However, we are at the point where we must either settle this matter or you should obtain counsel in Birmingham to represent you in regard to the suit."
Transcall, thereafter, provided Comtel with a letter purporting to contain an "accounting" of the amounts owed to Comtel. In that letter, dated August 18, Transcall's vice president stated:
 "I apologize for the delay in our response to your letter of June 9. Our merger with Microtel has consumed almost all of my time these past few months, leaving no time for checking with matters such as this."
In that same letter, Transcall sent a check in the amount of $6,859.46 to Comtel. Subsequently, Transcall received another letter from Comtel's attorney, dated October 11, 1988, which rejected the accounting provided in the August 18 letter and further stated:
 "Mr. Corwin, suit has been filed. We are now at the point where a resolution must be reached or you must hire counsel here to represent ATC."
No further response came from Transcall, and Comtel moved for a default judgment five months later.
Transcall, contending that it did not receive notice of the default judgment until more than four months after it was entered, filed a Rule 60(b) motion for relief from that judgment. The trial judge denied the motion, citing the four-month rule in 60(b)(1), (2), and (3).[1] No appeal was taken from the denial. Approximately four months later, Transcall filed another Rule 60(b) motion; however, that motion was specifically styled as a Rule 60(b)(6) motion. The motion was, in essence, the same motion that had been ruled on by the trial judge previously.
The sole issue in this case is whether the trial judge appropriately denied Transcall's second Rule 60(b) motion.
 "[T]he only matter reviewable on appeal in this instance is the order of the denial itself. Thus, neither the merits nor the correctness of the underlying judgment nor matters properly brought on appeal may be examined in this review. We are limited solely to determining whether the trial court abused its discretion in denying 60(b) relief. Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala. 1978); City of Daphne v. Caffey, 410 So.2d 8 (Ala. 1981)."
Douglas v. Capital City Church of the Nazarene, 443 So.2d 917,919 (Ala. 1983). See also Leonard v. Leonard, 560 So.2d 1080
(Ala.Civ.App. 1990). In Leonard, the defendant filed a Rule 60(b) motion that was denied; thereafter, he filed a "motion for reconsideration" with the trial court wherein he offered other testimony. Refusing to consider anything Leonard offered in his "motion for reconsideration," the Court of Civil Appeals noted that "the denial of a Rule 60 motion is usually appealable and that a motion to reconsider cannot take the place of an appeal. Ex parte Dowling, 477 So.2d 400
(Ala. 1985)." Leonard, at 1083. In the present case, Transcall had already presented the same issues to the trial court in a Rule 60(b) motion that had been denied. Transcall chose not to appeal from that ruling and, instead, filed another Rule 60(b) motion several months later. We will not allow a subsequent Rule 60(b) motion to substitute for an appeal; to do so would only prolong litigation.
For the foregoing reasons, we hereby affirm the judgment of the trial court.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Transcall's motion was styled simply as a Rule 60(b) motion and not particularly as a Rule 60(b)(6) motion, nor, of course, as a Rule 60(b)(1), (2), or (3) motion. *Page 1053