RUSSELL, Judge.
The parties were divorced in March 1986. The divorce decree incorporated therein an agreement of the parties that included a provision placing title of a condominium with the wife and obligating the husband to make monthly mortgage payments on the property. Subsequently, in March 1990, the wife sold the condominium to a third party, apparently without the husband’s knowledge, and assigned the rights to the payment of the mortgage.
In May 1990 the husband filed a petition for modification of the divorce decree, seeking elimination of his obligation to make mortgage payments on the condominium. He claimed that any such obligation ceased upon the wife’s sale of the property. The husband further alleged that the actions of the wife surrounding the sale of the condominium violated the agreement of the parties as reflected in the divorce decree; he moved for rule nisi to hold the wife in contempt of court.
In August 1990 the husband filed a motion for relief from judgment pursuant to Rule 60(a) and (b)(6), Alabama Rules of Civil Procedure, asserting that the provision in the divorce decree relating to the condominium is ambiguous and due to be clarified to show the “true intent” of the parties, which, the husband claimed, was that his obligation to make mortgage pay *58 ments would end upon sale of the condominium.
In December 1990 an ore tenus proceeding was held, wherein the husband’s motions were considered, and on January 15, 1991, the trial court entered an order denying all relief sought by the husband. On February 13, 1991, the husband filed a motion for reconsideration or, in the alternative, for a new trial. The motion was denied on April 24, 1991. On May 21,1991, the husband filed this appeal. We affirm.
At the outset we note that issues specifically raised below by the husband in his Rule 60 motion are not to be considered here, as the husband’s appeal from the trial court’s denial of this motion is untimely. As noted, the husband’s motion for relief from judgment pursuant to Rule 60(a) and (b)(6) was denied by the court in its order dated January 15, 1991. A trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60 motion. Pledger v. Pledger, 570 So.2d 1249 (Ala.Civ.App.1990); Leonard v. Leonard, 560 So.2d 1080 (Ala.Civ.App.1990). Consequently, the husband’s post-trial motion for reconsideration, filed on February 13, 1991, did not suspend the running of the 42-day period for filing a notice of appeal upon the denial of the Rule 60 motion. Ex parte Vaughan, 539 So.2d 1060 (Ala.1989); Leonard, 560 So.2d 1080. See Rule 4(a)(1), Alabama Rules of Appellate Procedure. The husband filed his notice of appeal on May 21, 1991 — more than 125 days after the trial court’s order denying the Rule 60 motion. Therefore, we will not review matters contained in the Rule 60 motion.
The remaining issues presented for our review relate to the trial court’s denial of the husband’s petition for modification and request for rule nisi against the wife. The wife has argued that the matters raised in these motions, also, should not be considered on appeal because, she says, they are in substance identical to the matters raised in the husband’s Rule 60 motion. We do not agree, however, and find upon review of the pleadings and the trial transcript that these motions involve issues different from those entailed in the husband’s Rule 60 motion and that they seek different kinds of relief.
The dispositive issue on appeal is, therefore, whether the trial court erred in denying the husband’s petition for modification and request for rule nisi.
The provision of the divorce decree relevant to the husband’s claims reads as follows:
“4. REAL PROPERTY
It is mutually understood and agreed that the [wife] shall have all right, title and interest in the condominium located in Panama City, Florida, and the [husband] shall be responsible for making the monthly mortgage payments as they become due on same and will indemnify and hold the [wife] harmless for payment of same. [Husband] further agrees to pay the maintenance fee, insurance and ad valorem taxes on same until such time as the [wife] remarries. [Husband] further agrees that he shall provide term insurance on his life in an amount necessary to cover the outstanding indebtedness owed on said condominium until such time as [wife] remarries, at which time [wife] shall be responsible for maintaining said insurance. [Husband] will convey all his right, title and interest in and to said condominium to the [wife] by executing the proper deed to the [wife].”
The record indicates that the husband moved to modify the divorce decree when he learned that the wife, who has remarried since the divorce, sold the subject condominium for $10,000 in March 1990. The husband concedes that, generally, neither alimony in gross nor a property settlement entered into upon divorce is modifiable. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980). However, he premises his petition for modification on the claim that the provision that he make the mortgage payments on the condominium is in the nature of periodic alimony for the wife. An award of periodic alimony may be modified upon a showing of a material change in circumstances. Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App.1981). The husband contends that the wife’s remarriage and subsequent sale of the condo *59 minium amount to a change, in circumstances sufficient to warrant a modification terminating his obligation to make mortgage payments on the condominium.
Before we can even consider the husband’s contentions as to changed circumstances, however, we must initially determine whether the evidence before the trial court justified a finding that the provision in the divorce decree awarding the condominium to the wife and requiring the husband to make mortgage payments was in the nature of a property settlement and alimony in gross. For although the trial court made no explicit findings to this effect, it apparently determined as much when it denied all requests for relief by the husband.
An award is alimony in gross when the amount of payment is fixed, the time of payment is certain, the award is clearly denominated as “alimony in gross,” and the trial court reserves no right in itself to later modify the provisions. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); McEntire v. McEntire, 345 So.2d 316 (Ala.Civ.App.1977).
Here, as regards the mortgage on the condominium, the amount of payment is fixed and the time of payment is certain. The outstanding indebtedness on the mortgage is certain of calculation, ánd the time of payment is monthly until the balance is paid. Although the trial court did not label the award as alimony in gross, the lack of such a label will not prevent an award that is in substance an alimony in gross award from being so described. Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.1980). Finally, the trial court did not reserve to itself the right to later modify the award.
The husband contends that the language of the subject provision is ambiguous and yields a plausible interpretation that the mortgage payments are meant to be periodic alimony. He maintains that his own testimony and that of the attorney who drafted the parties’ agreement (and who testified as an expert witness) sufficiently demonstrated that the parties’ intention at the time the provision was incorporated into the divorce decree was that the mortgage payments be periodic alimony. He also points to the fact that certain of his obligations regarding the condominium— specifically that, only until the wife remarries, he pay the maintenance fee and insurance and taxes on the condominium and carry life insurance in an amount necessary to cover the outstanding mortgage indebtedness — reflect an intention that the mortgage payments be viewed as periodic alimony.
However, a reading of the subject provision reveals no stipulation for cessation of the actual mortgage payments in question upon the happening of any contingencies typically resulting in the termination of periodic alimony. See § 30-2-55, Ala.Code 1975. In fact, the provision specifically contemplates continued payments after the wife remarries. Moreover, it might be said that the fact that the provision contains language contemplating the termination of certain obligations of the husband while remaining silent as to the mortgage payments is more indicative than not that the husband’s mortgage obligation is fixed.
A divorce decree is to be construed like other written instruments. When there is uncertainty in the decree, the court must construe the judgment so as to express the intent of the parties or the trial judge. Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App.1985).
The agreement in the divorce decree contains language to justify a finding that it constitutes a property settlement with alimony in gross. See Kenchel v. Kenchel, 440 So.2d 567 (Ala.Civ.App.1983). The substance of the subject provision was to transfer title of the condominium to the wife, to require the husband to make mortgage payments on the condominium, and to hold the wife “harmless for payment of the same.”
The husband has asserted that the trial court erred to reversal in sustaining certain objections to questions asked of the husband and the expert witness called to testify by the husband. We have examined *60 the entire record and find that any error complained of did not injuriously affect the substantial rights of the husband in this matter. See Rule 45,' A.R.A.P. There was ample additional evidence to support the judgment of the trial court. The language concerning the disposition of the condominium and the payment of the mortgage very adequately expresses the intent of the parties.
In view of the above, we hold also that it was not error for the trial court to deny the husband’s request for rule nisi holding the wife in contempt.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.