RUSSELL, Judge.
This is an appeal from the circuit court’s denial of a motion for relief pursuant to Rule 60(b), Alabama Rules of Civil Procedure.
In September 1990 ITT Financial Services (ITT) filed suit against Alton R. Davis in the District Court of Cherokee County, alleging breach of a promissory note made between the parties in June 1989. On January 18,1991, following an oral proceeding, the district court issued a judgment in favor of ITT for $3,530.23, plus costs of court.
On January 28, 1991, Davis filed a notice of appeal to the circuit court for a trial by jury. When Davis filed the notice of appeal, he paid circuit court fees totalling $166.50; however, he failed to file a bond for costs. On February 8, 1991, ITT moved to have Davis’s appeal dismissed due to his failure to timely file a bond for costs. The circuit court granted ITT’s motion and dismissed Davis’s appeal in an order dated May 6, 1991. As authority for its decision, the circuit court cited Boudreaux v. House, 479 So.2d 1291 (Ala.Civ.App.1985), wherein this court held that the failure to file a bond for costs in an appeal from the district court to the circuit court creates a *292 jurisdictional defect subjecting the appeal to dismissal upon motion.
Davis did not appeal from the circuit court’s order of May 6, 1991. However, on June 6, 1991, Davis filed a motion asserting that he was entitled to relief from the circuit court’s order under Rule 60(b), A.R.Civ.P. As grounds for the motion, Davis argued that, when filing his notice of appeal with the circuit court, he had attempted to sign the bottom portion of the notice of appeal form labeled “Security for Costs,” but that the clerk of the circuit court had told him that his signature was not required. Attached to Davis’s motion was a letter from the clerk of the court indicating that she had erroneously informed Davis, who was proceeding pro se at the time, that it was not necessary for him to sign the form. The record indicates that Davis did not sign the portion of the form marked “Security for Costs” until February 20, 1991.
On August 29, 1991, the circuit court entered an order denying Davis’s Rule 60(b) motion. Davis subsequently obtained the services of legal counsel, and on September 30, 1991, Davis filed a motion styled “Motion for Reconsideration of Order of August 29, 1991, and/or Motion for Relief from Judgment under Rule 60(b) and/or Amendment to Previous Motion for Relief under Rule 60(b) and/or Motion for Relief by Independent Action.” In this motion Davis asserted, inter alia, that due to his reliance on the advice of the clerk of the court, he was entitled to relief under Rule 60(b). The motion was heard on December 12, 1991, and denied by order of the circuit court entered on December 26, 1991. On January 15, 1992, Davis filed a notice of appeal to this court.
Although Davis did not label his original Rule 60(b) motion as one made pursuant to any particular section of the rule, he appears to contend in the motion that he is entitled to relief under Rule 60(b)(1) for “mistake, inadvertence, surprise, or excusable neglect.” These are also among the grounds for relief cited in Davis’s “motion for reconsideration” filed on September 30, 1991. As noted above, Davis’s initial Rule 60(b) motion was denied by the circuit court on August 29, 1991. After a Rule 60(b) motion has been denied, the only available review of that denial is by appeal. Ex parte Dowling, 477 So.2d 400 (Ala.1985). Consequently, the circuit court had no jurisdiction to reconsider its denial of Davis’s original motion. Ex parte Vaughan, 539 So.2d 1060 (Ala.1989); Leonard v. Leonard, 560 So.2d 1080 (Ala.Civ.App.1990). Moreover, Davis’s “motion for reconsideration” did not suspend the running of the 42-day period for filing a notice of appeal from the denial of the Rule 60(b) motion. Vaughan, 539 So.2d 1060. See Rule 4(a)(1), Alabama Rules of Appellate Procedure. Because Davis not file his notice of appeal to this court until January 15, 1992, we will not now consider matters raised in his original Rule 60(b) motion. Nor will we consider matters in Davis’s “motion for reconsideration” relating to the original Rule 60(b) motion. See Leonard, 560 So.2d 1080.
In addition to seeking “reconsideration” of the original Rule 60(b) motion, Davis’s motion of September 30,1991, presents several grounds for relief not stated in the original motion. Of the remaining possible bases for relief under Rule 60(b), only Rule 60(b)(6), which permits relief for “any other reason justifying relief from the operation of the judgment,” could conceivably serve as a ground for the relief sought by Davis. However, Rule 60(b)(6) motions are reserved for extraordinary circumstances and are available only in cases of extreme hardship or injustice. Daugherty Associates v. Silmon, 535 So.2d 135 (Ala.1988). The decision of whether to grant or deny a Rule 60(b)(6) motion falls within the judicial discretion of the trial court, and the trial court’s decision will be upheld unless abuse of discretion is shown. State ex rel. Taylor v. Nelson, 535 So.2d 178 (Ala.Civ.App.1988). Here, there were no extraordinary circumstances, nor has Davis shown that any extreme hardship or injustice has been done to him. Therefore, we cannot say that the circuit court abused its discretion when it refused to grant relief pursuant to Rule 60(b)(6).
*293 In the motion of September 30, 1991, Davis also requested that the circuit court allow him to bring an independent action to set aside the judgment, apparently on the grounds that ITT had acquired a judgment in the district court through fraud upon the court. However, the record does not reveal any evidence of conduct by ITT constituting fraud on the court.
In the instant case Davis filed a Rule 60(b) motion that was denied on August 29, 1991. Davis cannot avoid the circuit court’s ruling on the Rule 60(b) motion and the consequences of his own failure to timely appeal from that order by now seeking to recast another Rule 60(b) motion as a motion for an independent action. See Hollins v. Beverly Enterprises, 532 So.2d 1025 (Ala.Civ.App.1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.