MURDOCK, Judge.
On October 5, 2001, the trial court entered a judgment divorcing Monica R. Love (“the wife”) and Frederick Love (“the husband”). Among other things, that judgment awarded the wife one-half of the husband’s “Southern Company Companion Stock.” Testimony at the divorce hearing indicated that the husband owned some “Southern Company Common Stock” and that he had an interest in the “Southern Company Employee Savings Plan.” The wife filed a postjudgment motion to alter, amend, or vacate the judgment; that motion was denied by the trial court on November 16, 2001. No appeal was taken by either party following the denial of the wife’s postjudgment motion.
On February 15, 2002, the wife filed a “motion to correct final decree,” alleging that the trial court had intended to award her one-half of the husband’s stock that was contained in the Southern Company Employee Savings Plan and asking the court to “enter an order to correct the division of [the husband’s] stocks under his Saving Plan with the Southern Company.” Thereafter, on April 16, 2002, the trial court entered an order denying the relief requested by the wife.[1] The wife then filed a “motion to reconsider” the April 16, 2002, order. On May 23, 2002, the trial court entered an order denying the wife’s “motion to reconsider.” The wife filed her notice of appeal to this court on June 21, 2002.
The wife argues that the trial court erred in refusing to grant her “motion to correct the final decree.” Although neither party has raised the issue of this court’s jurisdiction over this appeal, we note that “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Aia.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
*1026 Based upon the relief requested by the wife in her “motion to correct final decree,” we construe that motion as a motion seeking relief pursuant to Rule 60, Ala. R. Civ. P. The trial court’s April 16, 2002, order denied the relief requested by the wife in her Rule 60 motion, and the wife thereafter pm-ported to file a “motion to reconsider” that order. This court has held that “[a] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60 motion.” Langner v. Langner, 599 So.2d 56, 58 (Ala. Civ.App.1992) (citing Pledger v. Pledger, 570 So.2d 1249 (Ala.Civ.App.1990), and Leonard v. Leonard, 560 So.2d 1080 (Ala. Civ.App.1990)). Consequently, the wife’s “motion to reconsider,” filed on May 8, 2002, did not suspend the running of the 42-day period for filing a notice of appeal upon the denial of her Rule 60 motion. See Rule 4(a)(1), Ala. R.App. P.; Langner, supra. See also Ex parte Vaughan, 539 So.2d 1060 (Ala.1989), and Leonard, 560 So.2d 1080. Because the wife filed her notice of appeal on June 21, 2002 — more than 42 days after the trial court entered its April 16, 2002, order denying her Rule 60 motion — -it was untimely. As a result, this court is without subject-matter jurisdiction, and the wife’s appeal is due to be dismissed. See Rule 2(A)(1), Ala. R.App. P.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. The trial court’s April 16, 2002, order did, however, clarify that references in its October 5, 2001, judgment to "Southern Company Companion Stock” were intended to be references to "Southern Company Common Stock.”